1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATHENA FEMININE TECHNOLOGIES INC., | Case No:  C 10-04868 SBA |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING REEXAMINATION** |
| vs. | Docket 83 |
| DEREK WILKES, PELFIT TECHNOLOGIES LLC, MORTON CORDELL, SILK ROAD ASSOCIATES, LLC, SIMON FAN, and KING CHAMPION (HONG KONG) LTD., | |
| Defendants. | |

10
11
12
13
14
15
16
17

18      Plaintiff Athena Feminine Technologies Inc. ("Athena") brings the instant action for

19   patent infringement against Defendant Pelfit Technologies ("Pelfit LLC") and inducing

20   patent infringement against Defendants Derek Wilkes ("Wilkes"), Morton Cordell

21   ("Cordell") and Silk Road Associates LLC ("Silk Road").  In addition, Athena alleges

22   several supplemental state law claims against these Defendants as well as King Champion

23   (Hong Kong) Ltd.

24      The parties are presently before the Court on Defendants Wilkes, Pelfit LLC,

25   Cordell and Silk Road's (collectively "Defendants") motion to stay pending reexamination

26   of the patent-in-suit.  Dkt. 83.  Having read and considered the papers submitted and the

27   record in this action, and being fully informed, the Court hereby DENIES Defendants'

28

1  motion. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the

2  Court adjudicates the instant motion without oral argument.

3  ## I.     BACKGROUND

4       The parties are familiar with the facts of this case, which are summarized herein

5  only to the extent they are pertinent to the instant motion. Plaintiff Athena is the developer

6  and owner of the Pelvic Muscle Trainer ("PMT"), a wireless electrical stimulation product

7  developed to treat and prevent female incontinence. The technology utilized in the PMT is

8  covered by United States Patent No. 7,577,476 ("'476 patent"). Wilkes, a former

9  consultant with Athena, formed Pelfit LLC which created the Personal Exerciser ("PEX").

10  According to Plaintiff, the PEX allegedly is derivative of the PMT and infringes the '476

11  patent.

12       On October 27, 2010, Athena filed the instant action in this Court. The operative

13  pleading is the Second Amended Complaint ("SAC"), filed September 26, 2011, which

14  alleges claims for: (1) direct patent infringement (against Pelfit LLC); (2) inducing patent

15  infringement (against Wilkes, Fan and Cordell); (3) misappropriation of trade secrets

16  (against all Defendants); (4) breach of contract (against Wilkes, Silk Road and King

17  Champion; (5) inducing breach of contract (against Wilkes and Cordell); (6) intentional

18  interference with business relations and economic advantage (against Wilkes and Cordell);

19  (7) unfair competition (against all Defendants); and (8) declaratory relief (against all

20  Defendants).

21       On the same date that Plaintiff filed its SAC, Wilkes submitted a request to the

22  United States Patent and Trademark Office ("PTO") for inter partes reexamination of the

23  '476 patent. On December 7, 2011, the PTO granted the request for reexamination, and

24  initially rejected claims 1-21 of the '476 Patent. Thereafter, on January 4, 2012,

25  Defendants filed the instant motion to stay this action pending resolution of the patent

26  reexamination proceedings. Dkt. 83. Plaintiff filed its opposition on January 18, 2012 and

27  Defendants filed their reply on January 25, 2012. Dkt. 86, 89.

28

On February 7, 2012, Plaintiff responded to the initial rejections of Claims 1-21 and submitted two additional sets of new claims. On March 30, 2012, the PTO issued an Office Action Closing Prosecution of the reexamination in which it confirmed Plaintiff's existing patent claims 1-21 but rejected the newly-added claims. Pl.'s Supp. Mem. at 1-2, Dkt. 92. Defendants have indicated that Wilkes intends to appeal the Order Action Closing Prosecution. Defs.' Surreply at 1-2, Dkt. 94.[1]

## II.   LEGAL STANDARD

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." Enzo Biochem, Inc. Gen-Probe Inc., 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted). However, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art…." 35 U.S.C. § 302. A district court has the discretion to stay judicial proceedings pending reexamination of a patent. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); accord Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006); Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., Case No. 03-1431 SBA, 2007 WL 1655625 at *3 (N.D. Cal. 2007) (Armstrong, J.).

A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. See NTP, Inc. v. Research In Motion, Ltd., 397 F. Supp. 2d 785, 787

---

[1] The Court notes that in violation of the Local Rules, Plaintiff *and* Defendants submitted supplemental memoranda without first seeking and obtaining leave to do so. Nonetheless, given the brevity of the supplemental memoranda and the fact that they provide relevant information that bears upon the pending motion, the Court will consider both briefs. The parties are warned, however, that further transgressions of the Local Rules may result in the imposition of monetary sanctions against the parties and/or their counsel.

1   (E.D. Va. 2005) (citing <u>Viskase Corp. v. Am. Nat'l Can Co.</u>, 261 F.3d 1316, 1328 (Fed.

2   Cir. 2001)).  There is no per se rule that patent cases should be stayed pending

3   reexaminations, because such a rule "would invite parties to unilaterally derail" litigation.

4   <u>Soverain Software LLC v. Amazon.Com, Inc.</u>, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

5   **III.   ANALYSIS**

6       **A.   STAGE OF THE LITIGATION**

7       A stay sought in the early stage of the litigation generally weighs in favor of

8   granting a stay pending reexamination.  <u>See</u> <u>Target Therapeutics, Inc. v. SciMed Life Sys.,</u>

9   <u>Inc.</u>, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant

10  discovery" or "substantial expense and time ... invested" in the litigation weighed in favor

11  of staying the litigation); <u>see also</u> <u>ASCII Corp. v. STD Entm't USA, Inc.</u>, 844 F. Supp.

12  1378, 1381 (N.D. Cal. 1994) (granting stay where parties had undertaken little or no

13  discovery and the case had not yet been set for trial).

14      Here, Plaintiff filed its complaint in October 2010 and the pleadings closed on

15  October 11, 2011 with Defendants' filing of an Answer to the SAC.  No pretrial schedule

16  has been entered, no discovery has been taken and no dispositive motions have been filed.

17  The relatively early stage of the case thus weighs in favor of a stay.  <u>See</u> <u>Yodlee, Inc. v.</u>

18  <u>Ablaise Ltd.</u>, No. C 06-7222 SBA, 2009 WL 112857 at *4 (N.D. Cal. 2009) (Armstrong, J.)

19  ("These related cases are still at an early stage of litigation, and this factor weighs in favor

20  of a stay."); <u>Research in Motion Ltd. v. Visto Corp.</u>, 545 F. Supp. 2d 1011, 1012 (N.D. Cal.

21  2008) (granting stay when "no briefing on claim construction or dispositive motions have

22  been filed").

23      **B.   SIMPLIFICATION OF THE ISSUES AND TRIAL**

24      The second factor examines whether a stay will simplify the issues in question and

25  trial of the case.  As this Court has previously observed, "[t]o truly simplify the issues …

26  the outcome of the reexamination must finally resolve all issues in the litigation."  <u>Yodlee</u>,

27  2009 WL 112857 at *5 (citation and internal quotations omitted).  "If regardless of the

28  result of the reexamination, there are still claims or counterclaims that need to be resolved

1    by the Court, then reexamination clearly fails to provide a final resolution."  Id. at *5

2    (citing IMAX Corp. v. In-Three, Inc. 385 F. Supp. 2d 1030, 1032-1033 (C.D. Cal. 2005).

3            Defendants contend that the reexamination could moot all of Plaintiff's claims.

4    Since Defendants filed their motion for stay, however, the PTO has issued its Office Action

5    *confirming the validity of Plaintiff's patent claims*.  Defendants attempt to downplay the

6    significance of the PTO's decision by pointing out that its decision is not yet final, and that

7    Wilkes intends to appeal the Office Action.  While it certainly is possible that Wilkes could

8    prevail on his appeal, the fact remains that the ultimate outcome of the reexamination

9    proceedings will not resolve Plaintiff's non-patent related claims, such as its claim for

10   misappropriation of trade secrets and breach of the parties' confidentiality agreements.

11   Since the reexamination will not resolve all of the claims, the Court finds that this factor

12   weighs against imposing a stay.  See Yodlee, 2009 WL 112857 at *5.

13       **C.    PREJUDICE AND TACTICAL CONCERNS**

14           The third factor examines whether a stay would unduly prejudice or present a clear

15   tactical disadvantage to the nonmoving party.  Plaintiff contends that a multi-year stay

16   occasioned by the reexamination proceedings "will work a substantial prejudice to plaintiff

17   and its state law claims."  Pl.'s Opp'n at 5.  Delay alone, however, does not ipso facto

18   establish prejudice.  See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111

19   (N.D. Cal. 2006) ("[T]he likely length of reexamination, is not, in itself, evidence of undue

20   prejudice ....").  In addition, Plaintiff provides no facts or evidence to substantiate its

21   otherwise conclusory assertion of prejudice.

22           The above notwithstanding, the Court is persuaded by Plaintiff's contention that

23   Defendant's conduct is tactically-motivated.  Pl.'s Opp'n at 6.  In its initial complaint filed

24   in October 2010, Plaintiff expressly alleged that Defendants had infringed the '476 Patent.

25   Rather than seek reexamination at that time, Defendants instead filed a motion to dismiss,

26   as well as a motion to compel arbitration.  Dkt. 41, 43.  For the most part, Defendants'

27   motions were unsuccessful.  The Court denied the motion to dismiss as to Plaintiff's patent

28   claims and most of its supplemental state law claims.  As to the claims that were dismissed,

the Court, with a few minor exceptions, granted leave to amend.  As to Defendants' motion to compel arbitration, the Court found that Plaintiff's claims against Silk Road were subject to arbitration while the claims alleged against Cordell were not.  It was only after Defendants failed in their efforts to dispose of the case in its entirety that they then sought reexamination before the PTO.  Tellingly, Defendants fail to *directly* address these facts in their reply.  See Def.'s Reply at 3-5.

IV.  **CONCLUSION**

On balance, the Court finds that the relevant considerations germane to whether a stay pending reexamination is appropriate militate against a stay.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.    Defendants' motion for stay is DENIED.

2.    The Case Management Conference ("CMC") scheduled for April 24, 2012 is CONTINUED TO **May 10, 2012 at 2:45 p.m.** for a **telephonic** CMC.  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

6.    This Order terminates Docket 83.

IT IS SO ORDERED.

Dated: April 23, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge