1  JACK RUSSO (State Bar No. 96068)
   CHRISTOPHER SARGENT (State Bar No. 246285)
2  COMPUTERLAW GROUP
   400 Florence Street
3  Palo Alto, CA 94301
   Telephone: (650) 327-9800
4  Facsimile: (650) 618-1863
   E-mail: jrusso@computerlaw.com
5          csargent@computerlaw.com

6  Attorneys for Defendants
   DEREK WILKES,
7  PELFIT TECHNOLOGIES, LLC, MORTON
   CORDELL AND SILK ROAD ASSOCIATES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| ATHENA FEMININE TECNOLOGIES, INC., | Case No.: 4:10-cv-04868-LB |
|---|---|
| Plaintiff, | **DEFENDANTS OPPOSITION TO MOTION FOR LEAVE TO FILE A SUPPLEMENTAL AND AMENDED COMPLAINT** |
| v. | |
| DEREK WILKES, PELFIT TECHNOLOGIES LLC, DRAGON VENTURES LTD., MORTON CORDELL, individually and dba SILK ROAD ASSOCIATES LLC, SIMON FAN, KING CHAMPION (HONG KONG) LTD, and YIELDING LIMITED HONG KONG, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff's late-in-the-game request to amend its Complaint with merely vague, conclusory allegations, allegations which fail the most basic requirements of pleading standards under the Federal Rules of Civil Procedure, should be rejected. Plaintiff Athena Feminine Technologies, Inc.'s ("Athena" or "Plaintiff") proposed amendments based on speculation will prejudice the Defendants significantly by inserting vague, unsubstantiated issues into this action without any explanation about why they belong in this dispute, and which could significantly increase the scope of the dispute and the scope of discovery. Accordingly, the Motion to Amend should be denied.

**Standard of Review**

The decision to grant or deny leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. Swanson v. U.S. Forest Service, 87 F.3d 339, 343 (9th Cir. 1996).

**I.   PLAINTIFF'S MOTION IS SO THIN THAT IT FAILS PLAINTIFF'S INITIAL BURDEN THAT "JUSTICE SO REQUIRES."**

Of course, the Federal Rules require that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has not even begun to make such a case, simply arguing in a conclusory fashion that it wants to include these issues in this case, without explanation of what the issues are and why they belong in this dispute. These vague arguments are not sufficient to meet the initial burden Plaintiff has to show that the amendment is required by justice.

**II.  PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE CHANGES IT PROPOSES ARE NOT VALID AND THE AMENDMENT WOULD BE FUTILE.**

Even if Plaintiff should somehow be able to meet its initial burden, the Motion should be denied because the proposed amendment would be futile. Leave to amend should be denied if the proposed amendment is futile or would be subject to dismissal. Carrico v. City & County of San Francisco, 656 F3d 1002, 1008 (9th Cir. 2011). When determining futility, the Court must apply the same standard as would apply in a motion to dismiss under 12(b)(6). Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); see also Fulton v. Advantage Sales & Mktg., LLC, 2012 U.S. Dist. LEXIS 150151 (D. Or. Oct. 18, 2012) (applying the Twombly / Iqbal "plausibility" standard to a motion for leave to amend).

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim
2  showing that the pleader is entitled to relief;" however, a Plaintiff is required to allege "enough facts
3  to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
4  570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual material,
5  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.
6  662, 677 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a
7  right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. However, courts "are not
8  bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678
9  (internal quotation and citation omitted).

10  "The underlying requirement is that a pleading give 'fair notice' of the claim being asserted
11  and the 'grounds upon which it rests.' [Bell Atlantic Corp. v. Twombly (2007) 550 US 544, 555, 127
12  S.Ct. 1955, 1964 (internal quotes omitted); Swierkiewicz v. Sorema N.A. (2002) 534 US 506, 513,
13  122 S.Ct. 922, 998 (same); Oliver v. Ralphs Grocery Co. (9th Cir. 2011) 654 F3d 903, 908]."
14  Schwartzer, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2013), Ch. 8-B, §8:115.

15  Plaintiff's proposed amendments and supplemental pleadings fail these fundamental
16  requirements, by being impermissibly vague and conclusory. Additionally, they possibly constitute
17  violations of Rule 11, and certainly a violation of Rule 12(e). Most significant is the vague reference
18  in the amendments to "next generation products." What are these products? How many products is
19  Plaintiff claiming should be part of this dispute? Why, if such products have been "designed,
20  developed, caused to be made, distributed, advertised and sold" as alleged, can Plaintiff not identify
21  even whether there are multiple products or a single product in this category? (Dkt. No. 139-1, Ex. 1
22  to Decl. Steve Finley, Jan. 8, 2013, at ¶42.) Further, why does Plaintiff think they are breaches of
23  contract or misappropriations of trade secrets? Surely simply being female incontinence products
24  cannot be sufficient reason. Plaintiff's supplemental allegation that the so-called "next generation
25  products" are purportedly "derivative" of the PEX is devoid of any factual foundation. (Id., ¶43). If
26  Plaintiff cannot answer these questions, how can it meet the requirements of Rule 11 for its legal
27  conclusions that these products, whichever they may be, are actionable? It cannot. Plaintiff's
28

1  proposed amended and supplemental pleading fails to allege facts sufficient to "raise a right to relief
2  above the speculative level" and as such is subject to dismissal.  Twombly, 550 U.S. at 555.
3      Plaintiff attempts to elide these questions by adding them to existing claims for relief rather
4  than alleging them as separate claims (something it should have done for clarity if for no other
5  reason).  As such, Defendants are given no notice, let alone the requisite fair notice, of the grounds on
6  which Plaintiff premises such allegations. As Plaintiff's proposed supplemental pleading would have
7  to be dismissed under Rule 12(b)(6), it would be futile, requiring denial of Plaintiff's Motion.

### III. PLAINTIFF'S PROPOSED AMENDMENT WOULD SIGNIFICANTLY PREJUDICE DEFENDANTS BY ADDING MULTIPLE, VAGUE CLAIMS.

    "Prejudice is the touchstone of the inquiry under rule 15(a)."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes omitted).  After several years of inaction, Plaintiff is now (apparently, though it is difficult to tell given the vagueness of the proposed amendments) seeking to substantially expand the scope of this action from dealing with a single product, the so-called PEX, now to include multiple, undefined "next generation products."  This amendment and supplemental pleading is a substantial expansion of this case, after years of litigation and only months before the scheduled discovery cut-off and trial date.  If this action is expanded to include multiple new products, it seems likely that discovery cannot be completed, nor the trial take place as scheduled, though again, it is difficult to be certain given the complete lack of description in the new claims.  See Solomon v. N. Am. Life & Casualty Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (Denial of motion upheld as it would have required reopening discovery, thus delaying proceedings.).

    Plaintiff also seeks to add Mr. Cordell as a Defendant to the Declaratory Relief claim, further increasing Defendants' burden defending this action. Plaintiff's attempt to add Mr. Cordell should be denied because if Plaintiff had any such declaratory relief claims against Mr. Cordell (which it does not) Plaintiff knew or should have known these facts from the beginning.  Courts have refused leave to amend where a party had or should have had earlier knowledge of facts and failed to include them in the original pleading.  "'Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the

cause of action.' [Citation omitted]." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), *superseded on other grounds by statute*, Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 757, *as recognized in* Hockey v. Medhekar, 30 F. Supp. 2d 1209, 1213 (N.D. Cal. 1998). What is more, Plaintiff gives no reason for either its original omission or the three years of delay (through a first and second round of amendments to its pleading) in seeking to add Mr. Cordell as a declaratory relief defendant.

Though difficult to ascertain, it appears Plaintiff is seeking to exponentially expand this action shortly before the discovery cutoff. This amendment will prejudice the Defendants, it is unjustified, and it is impermissibly vague. Accordingly, Plaintiff's Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend, which both fails to justify adding a futile amendment and supplemental allegations, and seeks to add prejudicial claims which would have to be dismissed in any event, should be denied.

Dated: January 22, 2013

Respectfully submitted,
COMPUTERLAW GROUP LLP

By: _____/s/ Christopher Sargent_____
 Jack Russo
 Christopher Sargent

Attorney for Defendants
DEREK WILKES, URSULA WILKES and
PELFIT TECHNOLOGIES LLC