UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATHENA FEMININE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> vs. <br><br> DEREK WILKES, PELFIT TECHNOLOGIES, LLC, MORTON CORDELL, SILK ROAD ASSOCIATES, LLC, SIMON FAN and KING CHAMPION (HONG KONG) LTD., <br><br> Defendants. | Case No: C 10-4868 SBA <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL AND AMENDED COMPLAINT** <br><br> Dkt. 138 |

The parties are presently before the Court on Plaintiff's Motion for Leave to File a Supplemental and Amended Complaint. Dkt. 138. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.[1]

## I. BACKGROUND

### A. SUMMARY OF PRIOR PROCEEDINGS

The parties are familiar with the facts of this overlitigated case which are summarized herein only to extent they are relevant to instant motion.

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b). The motion hearing scheduled for February 19, 2013, is VACATED.

Plaintiff Athena Feminine Technologies, Inc. ("Plaintiff" or "Athena") is the developer and owner of the Pelvic Muscle Trainer ("PMT"), a patented wireless electrical stimulation product developed to treat and prevent female incontinence. According to Plaintiff, two of its former consultants, Derek Wilkes ("Wilkes") and Morton Cordell ("Cordell"), utilized confidential information obtained from Plaintiff under a Confidentiality Agreement to develop an unauthorized, allegedly "derivative" product known as the Personal Exerciser ("PEX"). Plaintiff thus alleges that it owns the rights to the PEX.

Athena filed its original Complaint in this Court on October 27, 2010, a First Amended Complaint on January 27, 2011, and a Second Amended Complaint ("SAC") on September 26, 2011. Dkt. 1, 34, 69. As Defendants, the SAC names: (1) Wilkes; (2) Pelfit Technologies LLC ("Pelfit"), which is owned by Wilkes; (3) Cordell; (4) Silk Road Associates LLC ("SRA"), which is owned by Cordell; (5) King Champion (Hong Kong) Ltd. ("King Champion"), the entity which manufactured the PMT; and (6) Simon Fan ("Fan"), the owner of King Champion.

The SAC alleges seven claims for relief, as follows: (1) Direct Patent Infringement (against Pelfit); (2) Inducing Patent Infringement (against Wilkes, Fan and Cordell); (3) Misappropriation of Trade Secrets (against all Defendants); (4) Breach of Contract (against Wilkes, SRA and King Champion); (5) Inducing Breach of Contract (against Wilkes and Cordell); (6) Intentional Interference with Business Relations and Economic Advantage (against Wilkes and Cordell); (7) Unfair Competition (against all Defendants); and (8) Declaratory Relief (against all Defendants).[2] A trial is scheduled in this matter for September 9, 2013. Dkt. 132 at 6. Fact discovery closes on May 14, 2013. Id. at 1.[3]

---

[2] King and Fan settled with Plaintiff and have been dismissed from the action. Dkt. 109. The Court previously ordered Plaintiff to arbitrate its dispute with SRA. Dkt. 68.

[3] Plaintiff has conducted no formal discovery since filing this action over two years ago.

**B. THE INSTANT MOTION**

On January 8, 2013, Plaintiff filed the instant motion for leave to file a supplemental and amended complaint under Federal Rule of Civil Procedure 15(a)(2) and (d). Dkt. 138. Plaintiff alleges that "[d]uring the course of settlement discussions in 2012," it learned that Wilkes and Cordell "had now developed and were planning to bring to market, a 'next generation' product or products which Plaintiff also believes to be derivative of the Confidential Information provided to these defendants when they were plaintiff's consultants[.]" Mot. at 2. Based on that alleged disclosure, Plaintiff proposes to supplement its causes of action for misappropriation of trade secrets, breach of contract and declaratory relief, with allegations that Wilkes, Pelfit and Cordell have developed and marketed "next generation products" that are "derivative of Confidential Information provided by plaintiff Athena" and "derivative of the PEX[.]" Finley Decl. Ex. A ¶¶ 42, 43; see also id. ¶¶ 65, 67, 69, 71, 72, 75, 76, 94, 95 ("Proposed Supp. and Am. Compl."). Defendants oppose the motion. The matter has been fully briefed and is ripe for adjudication.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(d), a district court may allow a party to supplement his or her complaint in order to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1982).

The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a). Paralyzed Veterans of America v. McPherson, No. C 06-4670 SBA, 2008 WL 4183981, at *25 (N.D. Cal. Sept. 9, 2008) (Armstrong, J.). The factors germane to a motion to amend are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v.

McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007). The district court has "broad discretion" in ruling on a Rule 15(d) motion. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).[4]

## III. DISCUSSION

Plaintiff seeks to supplement its claims for misappropriation of trade secrets, breach of contract and declaratory relief. A claim for misappropriation of trade secrets "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharms., Inc., 160 Cal.App.4th 288, 297 (2008) (internal quotations and citation omitted). A claim for breach of contract requires a plaintiff to show the: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008). A claim for declaratory relief requires an actual controversy. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342, (2006).

Defendants contend the Court should disallow the proposed amendments on the grounds of futility. "Whether an amendment is 'futile' is measured by the same standards that govern a motion to dismiss." Hofstetter v. Chase Home Finance, LLC, 751 F. Supp. 2d 1116, 1123 (N.D. Cal. 2010). A proposed claim is not "futile" if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 929 (2007)). The allegations must be "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011). A court is not required "to accept as true allegations that are merely conclusory, unwarranted

---

[4] Plaintiff also predicates its motion on Rule 15(a)(2), which authorizes the filing of an *amended complaint*, as opposed to filing a *supplemental* pleading. This distinction is inapposite, however, as a court's discretion in connection with motions brought under Rule 15(a)(2) and 15(d) is governed by the same set of factors.

deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The crux of Plaintiff new allegations is that Wilkes and Cordell are engaged in the design, development, production and marketing of "next generation products," which are "derivative of Confidential Information provided [to them] by Plaintiff Athena . . . and are derivative of the PEX product which is the sole property of Athena." Proposed Supp. and Am. Compl. ¶ 42. These proposed amendments are too vague and conclusory to support plausible claims for misappropriation of trade secrets, breach of contract or declaratory relief. In particular, Plaintiff fails to identify *what* particular products constitute "next generation products" or *when* these products allegedly were manufactured and distributed. The absence of such information deprives Defendants of fair notice of the claims being asserted against them. Nor is there any factual showing that the purported "next generation products" are actually *derived from* Plaintiff's confidential information or the PEX. The absence of such facts is fatal to Plaintiff's claim that Defendants misappropriated trade secrets or breached the Confidential Agreement, or that an actual controversy exists regarding the "next generation products."

The Court further finds that permitting amendment at this late stage of the litigation would be unduly prejudicial to Defendants. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that prejudice "carries the greatest weight" in assessing whether to allow amended pleadings). This case has been pending for over two years and discovery will close shortly on May 14, 2013. Allowing Plaintiff to state new claims at this juncture undoubtedly would necessitate an enlargement of the discovery cut-off date, which, in turn, will delay trial. This weighs against permitting the proposed supplementation. See Solomon v. N. Am. Life and Cas. Ins. Co., 151 F.3d 1132 (9th Cir. 1998) (holding that district court properly exercised its discretion in denying leave to amend under Rule 15 where the amendment "would have required re-opening discovery, thus delaying proceedings"). Moreover, there is no reason that Plaintiff could not have included these allegations in its prior pleadings. The fact that Plaintiff chose not to conduct

*any* discovery since the commencement of this case on October 27, 2010, and, as a result, only recently learned of the alleged "next generation products," is attributable to Plaintiff's dilatory conduct. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating delay is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

## IV. CONCLUSION

In sum, the considerations relevant to a motion to supplement under Rule 15(d) counsel the Court to exercise its discretion against permitting Plaintiff to supplement its pleadings. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Leave to File a Supplemental and Amended Complaint is DENIED.

2. This Order terminates Docket 138.

IT IS SO ORDERED.

Dated: February 5, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge